# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5435 | **DATE** | 11/20/2000 |
| **CASE TITLE** | Laborers' Pension Fund, et al. vs. McKinney Construction, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order: Defendants' motion under Rule 19 to join the Construction and General Laborers' Council of Chicago and Vicinity as a necessary party defendant pursuant to Rule 19A [35-1] and motion for leave under Rule 14 of the Federal Rules of Civil Procedure for leave by a defendant to name third party plaintiff affiliated with the Laborers' International Union of North America AFL-CIO [36-1] are denied. Counsel shall appear for the previously scheduled status hearing on December 4, 2000 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 99 C 5435 |
| v. | ) ) ) | Magistrate Judge Nan R. Nolan |
| MCKINNEY CONSTRUCTION CORP., an Illinois corporation, and LEE MCKINNEY, individually | ) ) ) ) | |
| Defendants. | ) ) | NOV 2 1 2001 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, employee pension and welfare funds and the administrator of the funds (the "Funds"), bring this action against McKinney Construction Corporation, employer, and Lee McKinney, officer of McKinney Construction, pursuant to Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") and Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 seeking an audit of Defendants' books and records and recovery of any delinquent fund contributions and union dues. Defendants move to implead and join the General Laborers' District Council of Chicago and Vicinity (the "Union"). Defendants' motions are denied.

45

## DISCUSSION

I. **Impleader**

Defendants move for leave to file a third-party complaint against the Union. Federal Rule of Civil Procedure 14 allows a defendant to implead a third-party "who is or may be liable to the third-party plaintiff [i.e., the original defendant] for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). The purpose of impleader "is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." Southwest Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (7th Cir. 1986).

Defendants did not file a third-party complaint within ten days after serving their original answer and must now obtain leave to implead the Union. Fed. R. Civ. P. 14(a). "The decision to permit a third-party complaint is within the sound discretion of the trial court, based on the timeliness of the motion and reasons for delay." Highlands Ins. Co. v. Lewis Rail Service Co., 10 F.3d 1247, 1251 (7th Cir. 1993). A motion for leave to file a third party complaint may also be denied if the third party "will introduce unrelated issues and unduly complicate the original suit." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1443 (1990). Moreover, it is not enough that the third-party complaint merely "grew out of the same transaction." U.S.General, Inc. v. City of Joliet, 598 F.2d 1050, 1053 (7th Cir. 1979). Rather, there must be a claim that the third-party defendant will be secondarily liable to the third-party plaintiff in the event the third-party plaintiff is found to be liable to the plaintiff in the original action. Id.

Impleader is improper in this case. Defendants' claims against the Union seek to void the collective bargaining agreement because it was not voluntarily entered into, the Union lacked

-2-

majority status, and Blue Sky Construction failed to deliver a valid construction bond.[1] These claims do not create derivative liability on the part of the Union to Defendants for the Funds' claim against Defendants for failure to submit to an audit and pay contributions and dues. Defendants have not demonstrated that the Union is required to indemnify Defendants for their failure to submit to an audit and pay contributions and dues.

Moreover, impleading the Union would prejudice the Funds by unnecessarily introducing unrelated issues and delaying resolution of the action. As the Seventh Circuit explained in <u>Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.</u>, 870 F.2d 1148, 1151 (7th Cir. 1989), the Funds are not parties to the collective bargaining agreement but rather, are third-party beneficiaries. Generally, under contract law, third-party beneficiaries take contracts as they find them. <u>Id</u>. If there is a flaw in the formation of the contract, the third-party beneficiary recovers nothing. <u>Id</u>. However, collective bargaining agreements are not typical third-party beneficiary contracts. "The pension or welfare fund is like a holder in due course in commercial law ... [and thus] entitled to enforce the writing without regard to understandings or defenses applicable to the original parties." <u>Id</u>. at 1149. The actuarial calculations that funds rely on are based on the assumption that they will receive full contributions on behalf of all covered employees. <u>Robbins v. Lynch</u>, 836 F.2d 330, 333 (7th Cir. 1988). "No other approach permits accurate actuarial computations and proper decisions about which claims to pay." <u>Id</u>.

Section 515 of ERISA was added in 1980 to deal with problems in collection actions. Section 515 provides that promises are enforceable "to the extent not inconsistent with law." <u>Gerber</u>,

---

[1] The addendum to the collective bargaining agreement required Blue Sky Construction to obtain a surety bond in the amount of $10,000 covering its wage and benefit obligations to employees. Defendants' counsel has represented in open court that Blue Sky Construction and McKinney Contruction Corp. were one and the same company operated by Lee McKinney.

-3-

870 F.2d at 1153. This language was added to ERISA "'to simplify delinquency collection' by freeing pension and welfare funds from defenses that pertain to the unions' conduct." Robbins, 836 F.2d at 333. The manager of the House stated the following regarding the purpose of the legislation:

> Because delinquencies of employers in making required contributions are also a serious problem for many multiemployer plans, we wish to make clear the public policy in this area, which this bill is intended to further. Failure of employers to make promised contributions in a timely fashion imposes a variety of costs on plans....
>
> These costs detract from the ability of plans to formulate or meet funding standards and adversely affect the financial health of plans. Participants and beneficiaries of plans as well as employers who honor their obligation to contribute in a timely fashion bear the heavy cost of delinquencies in the form of lower benefits and higher contribution rates....
>
> Recourse available under current law for collecting delinquent contributions is insufficient and unnecessarily cumbersome and costly. Some simple collection actions brought by plan trustees have been converted into lengthy, costly, and complex litigation concerning claims and defenses unrelated to the employer's promise and the plans' entitlement to the contributions. This should not be the case. Federal pension law must permit trustees of plans to recover delinquent contributions efficaciously, and without regard to issues which might arise under labor-management relations law–other than 29 U.S.C. 186. Sound national pension policy demands that employers who enter into agreements providing for pension contributions not be permitted to repudiate their pension promises....
>
> [T]his legislation is intended to clarify the law in this respect by providing a direct, unambiguous ERISA cause of action to a plan against a delinquent employer.

Gerber, 870 F.2d at 1152-53. Courts of appeals have held that Section 515 precludes employers from raising certain defenses in collection actions such as contract formation defenses, fraud in the inducement, oral promises to disregard the text of the agreement, and union abandonment of the agreement. Agathos v. Starlite Motel, 977 F.2d 1500, 1505 (3rd Cir. 1992).

In the present case, Defendants seek to join the Union to raise defenses which cannot be raised against the Funds. Defendants first assert that the collective bargaining agreement between the Defendants and the Union is void because it was obtained by economic coercion and the Union

-4-

did not have majority status. These defenses cannot be raised against the Funds in an action to collect delinquent contributions. Agathos, 977 F.2d at 1506 (rejecting in trust fund collection proceeding defense that collective bargaining agreement was invalid because it was induced by threat to picket and union did not have majority status); MacKillop v. Lowe's Market, Inc., 58 F.3d 1441, 1446 (9th Cir. 1995) (rejecting defense of lack of majority status); Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 316 (2nd Cir. 1990) (holding same).

Defendants also argue that the contract is void because Blue Sky Construction failed to obtain a surety bond in accordance with the terms of the addendum agreement entered into between the Union and various McKinney-run organizations. This defense is also improper in a collection action. An employer may only raise two defenses in a suit for unpaid contributions: (1) the pension contributions themselves are illegal, and (2) the collective bargaining agreement is void not merely voidable. MacKillop, 58 F.3d at 1444; Benson, 907 F.2d at 314. The example given by the case law of the latter exception is fraud in the execution which occurs when the employer was not aware it was signing a collective bargaining agreement. MacKillop, 58 F.3d at 1443-44. "Thus, once an employer knowingly signs an agreement that requires him to contribute to an employee benefit plan, he may not escape his obligation by raising defenses that call into question the union's ability to enforce the contract as a whole." Benson, 907 F.2d at 314.

Defendants' failure to obtain the surety bond does not render the agreement void. Defendants do not claim that the collective bargaining agreement never existed because of illegality or fraud. Carpenters Health and Welfare Trust Fund for California v. Bla-Delco Construction, Inc., 8 F.3d 1365, 1369 (9th Cir. 1993). On September 8, 1998, Defendants entered into a valid contract in which they agreed to pay contributions and dues. The issue raised by Defendants is whether the agreement was revoked on October 8, 1998 when Blue Sky Construction failed to deliver the surety bond.

-5-

Defendants' failure to obtain the surety bond renders the agreements voidable not void and may not be raised as a defense against the Funds' claim for contributions and dues. Id. (holding contract termination defense is voidable, not void and such defense is not available against third-party beneficiary fund); Residential Reroofers Local 30-B Health and Welfare Fund of Philadelphia and Vicinty v. A & B Metal and Roofing, Inc., 976 F.Supp. 341, 347-48 (E.D. 1997) (holding same).

In a similar case involving an employee benefit trust fund's action to collect delinquent contributions from an employer, the Ninth Circuit upheld the district court's denial of the employer's motion for leave to file a third-party complaint against the union. Rozay's Transfer, 791 F.2d at 777. The Rozay's Transfer court held:

> The district court reasonably concluded that impleading the union would be inconsistent with the purposes of ERISA in providing a streamline and simplified procedure for employee benefit trust funds to collect delinquent contributions. To have granted the impleader might well have complicated and lengthened the trial, and would have introduced the extraneous question of remedies in the third-party action, such as whether the collective bargaining agreement should be rescinded by reason of the union's allegedly fraudulent conduct.

Id; see also Massachusetts Laborers' Health and Welfare Fund v. Varrasso, 111 F.R.D. 62 (D. Mass. 1986) (striking employer's third-party complaint against union in delinquent contribution action because employer failed to show that its claim against the union was dependent on the outcome of the fund's claim for delinquent contributions and impleading the union would have unnecessarily complicated and lengthened the trial). Similarly, the Funds have brought a simple audit and collection action under ERISA. Impleading the Union would unnecessarily complicate and delay resolution of this matter by raising issues of coercion, lack of majority status, and discharge of duties under the contract.

## II. Joinder

Defendants further argue that the Union is a necessary party under Federal Rule of Civil Procedure 19. Rule 19(a) provides, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impeded the person's ability to protect that interest
> ...

The purpose of Rule 19 is "to bring before the court all persons whose joinder would be desirable for a just adjudication of the action." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1604 (1986).

Defendants argue that they cannot obtain complete relief absent joinder of the Union because the absence of the Union prevents them from raising defenses necessary to prevent their liability. The term "complete relief" refers only "to relief between the persons already parties and not as between a party and the absent person whose joinder is sought." Perrian v. O'Grady, 958 F.2d 192, 196 (7th Cir. 1992). The Union is not necessary for complete relief to be accorded here. In their complaint, the Funds seek an audit of Defendants' books and records and payment of any contributions and union dues owed to date. The dispute between Defendants and the Union concerns whether the contract was obtained by coercion, whether the Union achieved majority representation, and whether Defendants' failure to obtain a surety bond discharges their obligations under the contract. The Union's presence is not necessary in order to determine whether the Funds are entitled to an audit and unpaid contributions and dues. Because the Funds can recover the full relief requested without joinder of the Union, "complete relief" can be accorded among the Funds and Defendants.

Defendants further argue that the absence of the Union would impair or impede their ability to raise certain defenses and their ability to contest liability. Defendants misconstrue the language of Rule 19(a)(2)(i). Rule 19(a)(2)(i) refers to the interests of absent persons, not the interests of parties to the action. Whether Defendants are impaired or impeded in protecting an interest without joinder of the Union is not determinative under Rule 19(a)(2)(i), and Defendants have not identified any interest the Union has to protect in this action.

## CONCLUSION

For the reasons set forth above, Defendants' Motion Under Rule 19 to Join the Construction and General Laborers' Council of Chicago and Vicinity as a Necessary Party Defendant Pursuant to Rule 19A [35] and Motion for Leave Under Rule 14 of the Federal Rule[s] of Civil Procedure for Leave by Defendant to Name Third Party Plaintiff Affiliated with the Laborers' International Union of North America AFL-CIO [36] are DENIED. Counsel shall appear for the previously scheduled status hearing on December 4, 2000 at 10:00 a.m.

**ENTER:**

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: Nov 20, 2000